IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Darryl L. Cook, | ) | C/A No. 0:14-2660-RMG-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Darryl L. Cook, a self-represented federal prisoner, filed this civil action alleging claims against the defendant brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-80 ("FTCA"). This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendant's motion to dismiss. (ECF No. 28.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Cook of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendant's motion. (ECF No. 29.) Cook filed a response in opposition to the motion and a motion for summary judgment. (ECF No. 33.) Having reviewed the parties' submissions and the applicable law, the court finds that the defendant's motion to dismiss should be denied in part and granted in part. The court further finds that Cook's motion for summary judgment should be denied.

**BACKGROUND**

Cook alleges that he is a "chronic care inmate whose colon cancer is in a remissive state." (Compl. at 3, ECF No. 1 at 3.) In June of 2013, Cook alleges that he received medical bills, forwarded to him by his mother, which were marked "past due." (Id.) Cook further states that the bills had been "placed in the care of [a] law office . . . for collection." (Id.) Cook asserts that, in

October of 2013, medical bills continued to be sent directly to him, or to his mother resulting in the suspension of medical attention. (Id.) Cook also complains that medical testing is being "prolonged by the retaliating negligence" of medical staff and administrators at Federal Correctional Institution Estill. (Id. at 4.) Cook alleges that medical bills are being redirected "in an effort to retaliate" and that the defendant's actions constitute "negligent defamation on [Cook's] personal credit report." (Id. at 5-6.)

## DISCUSSION

**A.     Applicable Standards**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

The court observes that it is required to liberally construe *pro se* complaints. Id. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal

court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Twombly, 550 U.S. at 555-56).  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Additionally, summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).  Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.



The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322.

**B.     Defendant's Motion to Dismiss**

The defendant's motion asserts that the instant Complaint raises the same allegations of fact and law as pleaded in another case filed by Cook, Cook v. United States, C/A No. 0:14-1169-RMG-PJG (D.S.C. Mar. 28, 2014) (hereafter, "C/A No. 14-1169"), which is pending before this court. (Def.'s Mot. to Dismiss at 1, ECF No. 28 at 1.) Thus, the defendant argues that any consideration of the Complaint in the present case would be a waste of judicial resources. (Id.)

Cook's response in opposition to the defendant's motion asserts that the instant Complaint is not a duplicative filing. (Pl.'s Resp. Opp'n at 2, ECF No. 33 at 2.) Cook admits that the instant Complaint references claims raised in C/A No. 14-1169, but asserts that it does not seek damages for any claims raised in the prior civil action. (Id.) Cook further asserts that he filed separate administrative tort claims for the allegations raised in the present Complaint, versus those raised in C/A No. 14-1169. (Id.)

Cook's Complaint in C/A No. 14-1169 alleges claims associated with the delay of diagnostic testing for approximately three years prior to a colonoscopy performed on December 18, 2012.[1] See Cook, C/A No. 0:14-1169-RMG-PJG at ECF No. 1. While that Complaint references Cook's receipt

---

[1] A court may take judicial notice of its own records. Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir.1989) (noting that the most frequent use of judicial notice "is in noticing the content of court records") (internal quotation marks and citation omitted).



of medical bills for prior medical treatment and states that such bills have also been directed to his mother's home in Alabama, it contains no dates associated with the alleged mishandling of medical bills and no facts regarding damage to Cook's credit. Id. at 2-3. Moreover, Cook does not include allegations associated with the handling of his medical bills or the resulting damage to his credit in the administrative tort claim, No. TRT-SER-2013-05823, upon which C/A No. 14-1169 is factually based. Id. at ECF Nos. 31-3, 31-4.

In contrast, as indicated above, the instant Complaint alleges "personal injury" and "defamation of [Cook's] credit profile" resulting from the rerouting of medical bills in June and October of 2013. (Compl. at 1-3, ECF No. 1 at 1-3.) As the Complaint contains no factual support for a claim of continued medical negligence,[2] Cook's references to the same delay in medical testing alleged in C/A No. 14-1169 appear to be included to provide background and context. Further, the administrative tort claim, No. TRT-SER-2013-06887, in which Cook presented his claims associated with the rerouting of medical bills, contains no reference any claims of medical negligence. (ECF No. 18-1 at 2-3.)

As Cook's claims in the instant Complaint cover a separate time period and allege conduct which is factually distinct from the medical negligence claims raised in 14-1169, the court finds that the instant Complaint's allegations regarding the defendant's handling of Cook's medical bills are not duplicative of the medical negligence claims raised in C/A No. 14-1169. Accordingly, the court

---

[2] While Cook alleges that he "still suffers neglect" in the instant Complaint, he provides insufficient factual support for this assertion. (Compl. at 6, ECF No. 1 at 6.) Although the court must liberally construe a *pro se* complaint, the United States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim and must provide sufficient factual information to put defendants on notice of their wrongdoing. See Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Fed. R. Civ. P. 8(a)(2) (providing that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief.").



concludes that the defendant's motion should be denied as to Cook's claims alleging personal injury or damage to his credit caused by the defendant's alleged mishandling of Cook's medical bills. However, to the extent Cook may have intended to reassert allegations concerning the defendant's delay in scheduling a colonoscopy in the instant Complaint, such claims are currently being litigated in C/A No. 14-1169; therefore, the court finds that the defendant's motion should be granted as to the Complaint's medical negligence claims. See Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time.").

**C.     Cook's Motion for Summary Judgment**

Also before the court is Cook's motion seeking summary judgment based on the defendant's alleged attempt to commit fraud on the court by filing a motion to dismiss in this case. (Pl.'s Mot. Summ. J. at 1, ECF No. 33 at 1.) Cook claims that the defendant's motion contains "baseless and self serving claims" that the instant Complaint is duplicative, absent any showing of "conclusive proof." (Id.) However, Cook has failed to show that there is no genuine dispute as to any material fact in this case. Fed. R. Civ. P. 56(a). Accordingly, the court finds that Cook has not met his burden of proving that summary judgment is appropriate and recommends that Cook's motion for summary judgment be denied at this time.

**RECOMMENDATION**

For the foregoing reasons, the court recommends that the defendant's motion to dismiss (ECF No. 28) be denied as to Cook's claims relating to his medical bills and granted as to Cook's allegations associated with medical treatment or care. The court further recommends that Cook's motion for summary judgment (ECF No. 33) be denied without prejudice.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 26, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).