IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darryl L. Cook,                                ) | C/A No. 0:14-2660-RMG-PJG |
| )  | |
| Plaintiff,          ) | |
| ) | |
| v.                                                ) | |
| ) | **REPORT AND RECOMMENDATION** |
| United States of America,                ) | |
| ) | |
| Defendant.     ) | |
| _____  ) | |

The plaintiff, Darryl L. Cook, a self-represented federal prisoner, filed this civil action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-80 ("FTCA"). This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendant's motion for summary judgment. (ECF No. 43.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Cook of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendant's motion. (ECF No. 44.) Cook filed a response and supplemental response in opposition to the motion. (ECF Nos. 46 & 47.) Having reviewed the parties' submissions and the applicable law, the court finds that the case should be dismissed for lack of subject matter jurisdiction.

**BACKGROUND**

Cook alleges that he is a "chronic care inmate whose colon cancer is in a remissive state." (Compl. at 3, ECF No. 1 at 3.) In June of 2013, Cook alleges that he received medical bills, forwarded to him by his mother, which were marked "past due." (Id.) Cook further states that the bills had been "placed in the care of [a] law office . . . for collection." (Id.) Cook asserts that, in

October of 2013, medical bills continued to be sent directly to him, or to his mother's residence in Alabama. (Id.) Cook alleges that medical bills are being redirected "in an effort to retaliate" and that the defendant's actions constitute "negligent defamation on [Cook's] personal credit report." (Id. at 5-6.) Cook seeks monetary damages. (Id. at 7.)

## DISCUSSION

**A.     Applicable Standards**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) examines whether the pleading fails to state facts upon which jurisdiction can be founded. It is the petitioner's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party.



See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate.  Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial.  See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322.  Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

In situations where a defendant alleges a lack of subject matter jurisdiction over an claim brought pursuant to the FTCA, the United States Court of Appeals for the Fourth Circuit has held that a district court should dismiss "the [FTCA] suit for want of jurisdiction under Rule 12(b)(1) if the United States is not liable for [the plaintiff's] injury."  Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995).  However, in cases where the jurisdictional "issue is intertwined with the merits of the FTCA claim," a Rule 12(b)(1) dismissal is inappropriate and the summary judgment standard should be used.  Kerns v. United States, 585 F.3d 187, 196 (4th Cir. 2009) (noting that Rule 12(b)(1) dismissal is appropriate in cases, such as Williams, where the threshold issue of whether an actor is

an employee or independent contractor is "wholly unrelated to the basis for liability under the FTCA").[1]

**B.      Federal Tort Claims Act**

Cook has expressly filed this action pursuant to the FTCA, which provides for a limited waiver of the Government's sovereign immunity from suit by allowing a plaintiff to recover damages in a civil action for loss of property or personal injuries caused by the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).  Because the FTCA includes a limited waiver of the Government's immunity as a sovereign, the statute is to be strictly construed and its requirements strictly met.[2]  See Welch v. United States, 409 F.3d 646, 650-51 (4th Cir. 2005); see also Lane v. Pena, 518 U.S. 187, 192 (1996) (stating that "a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign").

---

[1] When a defendant raises a "facial challenge" to "the existence of subject matter jurisdiction . . . by contenting that a complaint fails to allege facts upon which subject matter jurisdiction can be based . . . . the plaintiff is afforded the same procedural protections as he would be accorded when faced with a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal rules of Civil Procedure.  Namely, all alleged facts are taken as true and the motion will be denied if the complaint alleges facts that, if proven, would be sufficient to sustain jurisdiction." Lufti v. United States, 527 F. App'x 236, 241 (4th Cir. 2013) (citing Kerns, 585 F.3d at 192-93).

[2] One such requirement is the exhaustion of administrative remedies, and the FTCA requires that a claim be presented to the appropriate federal agency before filing a civil action against the government.  See 28 U.S.C. § 2675(a).  In this case, the defendant concedes that Cook has met the FTCA exhaustion requirement.  (Def.'s Mot. Summ. J., ECF No. 43 at 5.)



C.     **Defendant's Motion**[3]

The defendant argues that the court "lacks subject matter jurisdiction over the instant action because it concerns purported tortious conduct of entities other than the federal government." (Def.'s Mot. Summ. J., ECF No. 43 at 8.) The defendant asserts that "any re-routing of [Cook's] medical bills was not done by FCI Estill staff but rather through the inadvertent actions of the [Medical University of South Carolina] MUSC claims department." (Id. at 9.) Thus, the defendant argues that Cook's claims do not fall within the jurisdictional grant for the FTCA. (Id. at 8.)

In support of its motion, the defendant provides copies of the allegedly re-routed medical bills bearing the letterhead of a legal office retained by MUSC to collect outstanding debt. (ECF No. 43-3 at 5-7.) The defendant also provides a memorandum prepared by Beatrice D. Brown, Business Administrator for FCI Estill, detailing the correct procedure for providers seeking payment of medical services rendered to federal prisoners. (ECF Nos. 43-5 at 1-2.) Brown's memorandum further indicates that MUSC was contacted on October 16, 2013 to ensure that the correct information was on file for Cook so that his inmate address would not be used by MUSC for billing purposes. (Id. at 2.) The defendant further provides a memorandum by Deborah P. Williams[4] indicating that she made contact with the law firm representing MUSC and explained that bills for medical services should not be billed directly to a federal prisoner. (ECF No. 43-5 at 3.) Williams's

---

[3] As noted by the defendant, the Complaint's claims regarding Cook's medical care were dismissed by order issued on April 21, 2015, because such allegations duplicated claims then being litigated in another pending case. (ECF Nos. 37 & 41; see also Cook v. United States, C/A No. 0:14-1169-RMG-PJG (D.S.C. May 7, 2015) (order granting defendant's motion to dismiss), aff'd, No. 15-6790 (4th Cir. Oct. 30, 2015)).

[4] Cook identifies Williams as a counselor at FCI Estill. (Pl.'s Resp. Opp'n, ECF No. 46 at 5.)



memorandum states that the law firm ceased its collection efforts against Cook and indicated that Cook's credit would not be impacted because the law office does not report to credit agencies. (Id. at 3.)

In Cook's response in opposition to the defendant's motion, he asserts that the defendant should be held liable for MUSC's attempts to collect debt via letters sent directly to Cook and his mother because MUSC is a contractor hired by the defendant.[5] (Pl.'s Resp. Opp'n, ECF No. 46 at 7; Pl.'s Suppl. Resp. Opp'n, ECF No. 47 at 2.) As argued by the defendant, however, "[w]here the challenged conduct in an FTCA action was performed by an independent contractor, the district court must dismiss the action for want of subject matter jurisdiction." Robb v. United States, 80 F.3d 884, 887 n.2 (4th Cir. 1996) (citing Williams v. United States, 50 F.3d 299, 304-305 (4th Cir. 1995)). To determine whether a party is an independent contractor or government employee is a question of federal law, which turns on the "authority of the principal to control the physical conduct of the contractor in the performance of the contract," id. at 887-88 (quoting Logue v. United States, 412 U.S. 521, 527-28 (1973)), and the ability of the principal "to supervise day-to-day operations" of the contractor. Id. at 888 (citing United States v. Orleans, 425 U.S. 807, 816 (1976)).

In the instant case, Cook provides no factual allegations to plausibly suggest that the defendant directly re-routed any of Cook's medical bills. Instead, Cook attaches to his responses in opposition letters received from a law office retained by MUSC to attempt collection of outstanding

---

[5] To the extent Cook may be attempting to allege additional claims in his responses in opposition which were not presented in the Complaint, he cannot do so. White v. Roche Biomedical Laboratories, Inc., 807 F. Supp. 1212, 1216 (D.S.C. 1992) (holding that "a party is generally not permitted to raise a new claim in response to a motion for summary judgment"); see also Bridgeport Music, Inc. v. WM Music Corp., 508 F.3d 394, 400 (6th Cir. 2007) (holding that a party may not expand its claims to assert new theories in response to summary judgment).



medical debt.  (Pl.'s Resp. Opp'n, ECF No. 46-1 at 1-4; Pl.'s Supp. Resp. Opp'n, ECF No. 47-1 at 6-9.)  Further, Cook provides no authority to support his contention that the defendant should be liable under the FTCA for actions taken by an independent contractor, and fails to provide factual allegations to suggest that the defendant controls the physical conduct or day-to-day activities of the independent contractor responsible for sending mail to Cook and his mother.  Accordingly, the court finds that Cook has failed to establish federal subject matter jurisdiction over the instant claims under the FTCA.  See Lumpkins v. United States, 215 F. Supp. 2d 640, 642 (D. Md. 2002) ("When subject matter jurisdiction is challenged under the FTCA, the plaintiff bears the burden of persuasion and must establish an unequivocal waiver of immunity with respect to his claim.") (citing Williams, 50 F.3d at 304).

## RECOMMENDATION

For the foregoing reasons, the court recommends that the Complaint be dismissed for lack of subject matter jurisdiction and the defendant's motion for summary judgment (ECF No. 43) be terminated as moot.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 16, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).