IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Darryl L. Cook, ) | |
| ) | Civil Action No.: 0:14-2660-RMG |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| United States of America, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter comes before the court on the Report and Recommendation ("R & R") of the Magistrate Judge. (Dkt. No. 50). For the reasons below, this Court adopts the R & R as the order of the Court.

## I. Background

Plaintiff Darryl Cook, a federal prisoner, filed a *pro se* complaint pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671–80 ("FTCA"). Plaintiff alleges that medical bills for care he received while in federal custody were improperly sent to directly to him in prison and to his mother's residence in Alabama. (Dkt. No. 1 at 3). Plaintiff alleges that these bills were sent in retaliation and constitute "negligent defamation on [his] personal credit report." (Id. at 5–6).

Defendant moved for summary judgment challenging subject matter jurisdiction under the FTCA (Dkt. No. 43). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the Magistrate Judge issued an R & R recommending that the court dismiss the complaint for lack of subject matter jurisdiction and dismiss Defendant's motion to dismiss as moot. Plaintiff timely filed his objections to the R & R. (Dkt. No. 53).

## II. Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## III. Discussion

The FTCA serves as a limited waiver of sovereign immunity that allows plaintiffs to sue the United States for damages caused by certain species of Government employee torts. *See* 28 U.S.C. § 1346(a). However, torts by independent contractors are not included in this limited waiver. *See Williams v. United States*, 50 F.3d 299, 305 (4th Cir. 1995). When FTCA subject matter jurisdiction is challenged, "the plaintiff bears the burden of persuasion and must establish an unequivocal waiver of immunity with respect to his claim." *Lumpkins v. United States*, 215 F. Supp. 2d 640, 642 (D. Md. 2002) aff'd, 79 F. App'x 553 (4th Cir. 2003) (citing *Williams*, 50 F.3d at 304). In other words, the plaintiff must articulate a plausible set of facts alleging that the

2

Government supervises the independent contractor's day-to-day operations in a way that transforms the independent contractor into an employee of the United States. *See Williams*, 50 F.3d at 306.

Here, the hospital that caused the complained-of bills to be sent to Plaintiff and his mother was an independent contractor. The Magistrate Judge found, and this Court agrees, that Plaintiff failed to establish that the United States supervised the physical conduct or day-to-day activities of the hospital in a manner that would result in a waiver of immunity for tort claims based on the independent contractor's actions.

In Plaintiff's objections, he conclusorily argues that "negligence did in fact occur," citing the actions of individuals associated with the federal prison system. (Dkt. No. 53 at 6). Assuming, *arguendo*, that the named individuals did breach some duty of care, Plaintiff completely fails to allege that these individuals supervised the hospital's day-to-day actions. Accordingly, the Court lacks subject matter jurisdiction to hear the case.

## IV. Conclusion

The Court has reviewed the R & R, the record, and the relevant legal authorities. The Court finds that the Magistrate Judge ably and promptly summarized the factual and legal issues and appropriately recommended that the action should be dismissed. Therefore, the Court **ADOPTS** the R & R as the order of this Court, **DISMISSES** Plaintiff's complaint for lack of subject matter jurisdiction, and **DENIES** Defendant's Motion for Summary Judgment as moot.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

December 10, 2015
Charleston, South Carolina

3